PS 8
(8/88)

# United States District Court
for
## Western District of Tennessee

**U.S.A. vs. Lela Harris**                                    **Docket No. 05-20250-004-MI**

### Petition for Action on Conditions of Pretrial Release

COMES NOW PRETRIAL SERVICES OFFICER **Jake N. Bookard, II** presenting an official report upon the conduct of **Lela Harris** who was placed under pretrial release supervision by the **Honorable Tu M. Pham** sitting in the court at **Memphis, TN,** on the **12th day of October, 2005** under the following conditions:

1. Report as directed by the Pretrial Services Office
2. Maintain or actively seek employment
3. Refrain from excessive use of alcohol
4. Refrain from any use or unlawful possession of a narcotic drug or other controlled substance
5. Submit to any method of testing required by the Pretrial Services Office for determining whether the defendant is using a prohibited substance
6. Participate in a program of inpatient or outpatient substance abuse testing, education, or treatment if deemed advisable by Pretrial Services

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS:

**Please see the attached sheet**

PRAYING THAT THE COURT WILL ORDER ISSUANCE OF A WARRANT CHARGING THE DEFENDANT WITH VIOLATING THE CONDITIONS OF PRETRIAL RELEASE

BOND RECOMMENDATION: **NONE**

ORDER OF COURT

Considered and ordered this 4th day of January, 2006 and ordered filed and made a part of the records in the above case.

/s/ Tu M. Pham
United States Magistrate Judge

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  December 30, 2005

_Jake N. Bookard, II_
U.S. Pretrial Services Officer

Place       Memphis, TN

U.S.A vs. Lela Harris                                    Docket No.: 05-20250-004-MI


Defendant Lela Harris reported for supervision on December 29, 2005, and signed a voluntary admission of illegal drug use indicating that she used cocaine on or about **December 26, 2005**. Ms. Harris tested positive for cocaine on a urinalysis test administered **December 9, 2005**, that was later confirmed by Kroll Laboratories. On November 30, 2005, Defendant Harris was admitted into the Intensive Outpatient Program at New Directions, Inc. and was scheduled to attend group every Monday, Thursday, and Friday. However, Ms. Harris did not attend a group session until December 9, 2005, and since that date she has only attended one group session on December 15, 2005. Furthermore, the defendant has not obtained employment since being placed on pretrial supervision. The above is in violation of Ms. Harris' conditions of release that she 1) refrain from any use or unlawful possession of a narcotic drug or other controlled substance, 2) participate in a program of inpatient or outpatient substance abuse testing, education, or treatment if deemed advisable by Pretrial Services, and 3) Maintain or actively seek employment.

As previously reported to the Court, Ms. Harris reported for supervision on November 17, 2005, and signed a voluntary admission of illegal drug use indicating that she used cocaine on or about **November 12, 2005**. Defendant Harris tested positive for cocaine on urinalysis tests administered **October 12, 2005**, and **October 19, 2005**. Ms. Harris' October 12, 2005, positive test result could be attributed to use prior to being placed on pretrial supervision. Both positive test results were confirmed by Kroll Laboratories. On October 21, 2005, Ms. Harris failed to attend a substance abuse intake assessment at New Directions, Inc. as directed by her supervising officer. Furthermore, the defendant failed to report to Pretrial Services as directed on October 28, 2005, November 9, 2005, and November 16, 2005.